**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:11-CV-144-RJC-DSC**

| | |
|---|---|
| **FIFTH THIRD BANK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **PROGRESSIVE CASUALTY** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION
## AND ORDER

**THIS MATTER** is before the Court on Plaintiff's "Motion to Remand" (document #7), and the parties' associated briefs and exhibits. See documents ## 8, 11 and 12.

This is an action to recover damages for breach of contract involving a Financial Institution Bond. Federal subject matter jurisdiction is asserted under both 28 U.S.C. § 1331 (granting federal courts jurisdiction over actions arising under the laws of the United States) and 28 U.S.C. § 1352 (granting federal courts jurisdiction over "any action on a bond executed under any law of the United States").

Relevant to the subject Motion, this is an insurance contract dispute arising under North Carolina law. Plaintiff seeks relief on a breach of contract claim, alleging that Defendant is contractually obligated to indemnify Plaintiff for certain losses under the terms of the bond issued by Defendant. Neither Plaintiff's claims nor Defendant's defenses to those claims arise under federal law.

In December 2006, Defendant Progressive Casualty Insurance Company issued a "Financial Institution Bond" (the "Bond") to First Charter Bank and various other related entities providing indemnity to the insureds against losses resulting from dishonest or fraudulent acts by employees during the bond period of January 1, 2007, to January 1, 2008. At the time it purchased the Bond and during the time the Bond was in effect, First Charter Bank was a state charted bank existing under the laws of North Carolina. First Charter Bank later merged with Plaintiff Fifth Third Bank, giving Fifth Third Bank standing to enforce First Charter Bank's rights to coverage as a Named Insured under the Bond.

Plaintiff submitted a claim for indemnity under the Bond for losses the Bank suffered as the result of the fraudulent acts of a lawyer retained by the Bank involving a real estate development known as the Village of Penland. After Defendant refused to pay the claim, Plaintiff filed suit on February 23, 2011, in Mecklenburg County Superior Court to enforce its rights under the fidelity insurance coverage provided by the Bond.

On March 25, 2011, Defendant removed this case to the United States District Court for the Western District of North Carolina alleging the existence of federal subject matter jurisdiction under both 28 U.S.C. § 1331 (granting federal courts jurisdiction over actions arising under the laws of the United States) and 28 U.S.C. § 1352 (granting federal courts jurisdiction over "any action on a bond executed under any law of the United States").

The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive

2

the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004). Any doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case from state court to federal district court if the district court has original jurisdiction, i.e., the case could originally have been before the district court. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). In the absence of diversity of citizenship, a defendant seeking to remove a case in which the plaintiff's cause of action is created under state law (e.g., breach of contract) must establish two things: "(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." Dixon, 369 F.3d at 816. "If either of these two elements is lacking, removal is

improper and the case should be remanded to state court." Id. "Under what has become known as the well-pleaded complaint rule, § 1331 federal question jurisdiction is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law." In Re: Blackwater Security Consulting, 460 F.3d 576 (4th Cir. 2006), cert. denied, 127 S. Ct. 1381 (2007).

Defendant argues that the Bond was executed under federal law because the Federal Deposit Insurance Act provides that the FDIC "may require any insured depository institution to provide protection and indemnity against burglary, defalcation, and other similar insurable losses." 12 U.S.C § 1828(e). However, the regulations adopted by the FDIC to implement 12 U.S.C. § 1828(e) do not require a state bank, such as First Charter Bank, to maintain fidelity insurance coverage.

Courts agree that the jurisdictional grant under 28 U.S.C. § 1352 "applies when a bond has been required by regulations having the force of law." United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995) (emphasis added); see also United States v. H.R. Morgan, Inc., 542 F.2d 262 (5th Cir. 1976). When a company purchases a bond that is not required under federal law, 28 U.S.C. § 1352 has no application. See Todd Shipyards Corp. v. Marine Vessel Leasing Corp., 456 F. Supp. 1384, 1387, 1389 (D. Cal. 1978).

The regulation requiring national banks to purchase fidelity insurance states, "[a]ll officers and employees of a national bank must have adequate fidelity coverage." 12 C.F.R. § 7.2013. In defining the term "bank," the Federal Deposit Insurance Act draws a clear distinction between a "national bank" and a "State bank." 12 U.S.C. § 1813(a).[1] Because First Charter Bank was a State

---

[1] The term "bank" is defined by the Federal Deposit Insurance Act as "any national bank and State bank . . . ." 12 U.S.C. 1813(a)(1). The term "State bank" is defined as follows:

> The term "State bank" means any bank, banking association, trust company, savings bank, industrial bank (or similar depository institution which the Board of Directors finds to be operating substantially in the same manner as an industrial bank), or other banking institution which--
>
> (A) is engaged in the business of receiving deposits, other than trust funds (as defined in this

4

bank at the time it purchased the Bond, it was not bound by § 7.2013's requirement. The subject fidelity bond was not required by federal law and cannot form the basis for federal subject matter jurisdiction here. Accordingly, Plaintiff's Motion to Remand should be <u>granted</u>.

## ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion to Remand" (document #7) be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from

---

section); and

(B) is incorporated under the laws of any State or which is operating under the Code of Law for the District of Columbia,

including any cooperative bank or other unincorporated bank the deposits of which were insured by the Corporation on the day before the date of the enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989.

12 U.S.C. 1813(a)(2).

raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: May 12, 2011

David S. Cayer
United States Magistrate Judge