IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:11-cv-144-RJC-DSC

| | |
|---|---|
| FIFTH THIRD BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| PROGRESSIVE CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. INTRODUCTION

Plaintiff Fifth Third Bank ("Plaintiff") filed its Complaint in this action on February 23, 2011 (Doc. No. 2-1). Defendant Progressive Casualty Insurance Company ("Defendant") removed to this Court on March 25, 2011. (Doc. No. 2). Plaintiff filed a Motion to Remand to State Court on April 13, 2011 (Doc. No. 7). The Magistrate Judge recommended that this Court grant Plaintiff's motion. (Doc. No. 13: Memorandum, Recommendation, and Order ("M&R")). Defendant made a timely objection, (Doc. No. 14). After de novo review of the portions of the M&R to which Defendant objects, this Court **GRANTS** the motion to remand to state court.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the

face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. FACTUAL BACKGROUND

Defendant does not specifically object to the findings of fact as set forth in the M&R. Therefore, this Court adopts the facts as set forth in the M&R for purposes of resolving this motion.

## IV. ANALYSIS

This is an action to recover damages for breach of contract involving a Financial Institution Bond. Federal subject matter jurisdiction is asserted under 28 U.S.C. §§ 1331 and 1352. The parties dispute their duties under a North Carolina insurance contract. Plaintiff alleges that Defendant must indemnify Plaintiff for losses suffered as the result of the fraudulent acts of a lawyer retained by Plaintiff.

The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded. Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 96 (1998); Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrs. v. Schacht, 524

U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt").

The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). Any doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (internal citations omitted).

A defendant may remove a case from state court to federal district court if the district court has original jurisdiction, i.e., the case could originally have been before the district court. 28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004). Plaintiff's breach of contract claim does not arise under federal law. See In Re Blackwater Security Consulting, 460 F.3d 576, 584 (4th Cir. 2006), cert. denied, 127 S. Ct. 1381 (2007) (reciting the well-pleaded complaint rule).

Defendant, instead, contends that this Court has jurisdiction under 28 U.S.C. § 1352. Section 1352 grants district courts subject matter jurisdiction over "any action on a bond executed under any law of the United States." 28 U.S.C. § 1352. This case revolves around an insurance bond, but the parties dispute whether it was executed under any law of the United States. Courts have interpreted section 1352 to grant jurisdiction where a "bond has been required by regulations having the force of law." United States ex. rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995); see also United States ex. rel. Miss. Road Supply Co. v. H.R. Morgan, Inc., 542 F.2d 262, 266 (5th Cir. 1976); United States ex. rel.

3

Victory Elec. Corp. v. Md. Cas. Co., 215 F. Supp. 700, 701-02 (E.D.N.Y. 1963). Defendant asks this Court to expand this precedent and find jurisdiction where a bond is required by Federal Deposit Insurance Corporation ("FDIC") policy manuals, rather than a regulation having the force of law. (Doc. Nos. 14 at 5-7; 11 at 2-5).

12 U.S.C. § 1828(e) provides that "[t]he Corporation may require any insured depository institution to provide protection and indemnity against burglary, defalcation, and other similar insurable losses." Regulations require national banks to acquire this "fidelity" coverage. See 12 C.F.R. § 7.2013. But the parties agree that this regulation does not apply to Plaintiff because its predecessor, the First Charter Bank, was a state bank at the time it purchased the bond. (Doc. Nos. 8 at 7-8; 14 at 5).

Instead of identifying some other regulation having the force of law, Defendant points to the FDIC's Statement of Policy on Application for Depository Insurance, Risk Management Manual, Sample Report of Investigation, and Application for Depository Insurance. The Court agrees with Defendant that some of these sources suggest that the FDIC requires state banks to obtain fidelity coverage. See, e.g., (Doc. No. 11 at 8-9) (citing FDIC Risk Management Manual § 4.4 ("Such banks must continue diligent, good faith efforts to obtain reasonably priced coverage . . .")).

But this is not the question before the Court. The Court's jurisdiction depends upon this being an "action on a bond executed under any law of the United States." 28 U.S.C. § 1352. Because an agency's regulations have been recognized as having the same force as law, courts have found that section 1352 provides jurisdiction where a regulation requires the execution of a bond. See Chuska, 55 F.3d at 1495; H.R. Morgan, 542 F.2d at 266; Victory Elec., 215 F. Supp. at 701. Defendant cannot identify any authority extending 28 U.S.C. § 1352 to agency

4

requirements found outside of duly enacted regulations.

Defendant argues that Victory Electric is such a case. (Doc. No. 14 at 8-9). Defendant argues that the regulation at issue there provided "that bonds 'may' be required when the solicitation for bid specified that payment and performance bonds were also required for the contract." (Id. at 8) (citing 32 C.F.R. § 10.102 (1961)). Thus, Defendant reasons that the ultimate bond requirement came from agency action, outside of regulations. (Id.). The Victory Electric court found that section 1352 provided it jurisdiction. 215 F. Supp. at 701. Defendant argues that, likewise, this Court has jurisdiction, where an FDIC manual required the bond pursuant to the agency's statutory authority under 12 U.S.C. § 1828(e). (Doc. No. 14 at 9). But the missing link in Defendant's logic is that the Victory Electric court read 32 C.F.R. § 10.102 differently. 215 F. Supp. at 701. The court held that the regulation "requir[ed] a bid bond for a project when the invitation for bid specifies that the contract must be supported by payment and performance bonds." Id. It was because the regulation required the bond that the court held it had jurisdiction. Id. at 701-02. Nonetheless, it remains true that section 1352 is only satisfied where a bond is required by federal statute or regulation having the force of law. 28 U.S.C. § 1352; Chuska, 55 F.3d at 1495; H.R. Morgan, 542 F.2d at 266; Victory Elec., 215 F. Supp. at 701.

Defendant also stresses that agencies may carry out their functions without enacting regulations. (Doc. No. 11 at 4-5) (citing United States v. Markgraf, 736 F.2d 1179, 1181 (7th Cir. 1984)). While this is true, it does not prove the point Defendant advances. Such activities may be permitted, but that does not mean they have the force of law, like regulations. For this reason, only regulations requiring a bond can satisfy section 1352's requirement that the bond be executed under any law of the United States. No such regulation required the bond at issue in

this case.  Thus, section 1352 does not provide the Court jurisdiction.

## III.    CONCLUSION

This Court lacks subject matter jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1.   The Magistrate Judge's M&R, (Doc. No. 13), is **ADOPTED**;

2.   Plaintiff's Motion to Remand to State Court, (Doc. No. 7), is **GRANTED**;

3.   This case is remanded to Mecklenburg County Superior Court.


Signed: October 24, 2011

Robert J. Conrad, Jr.
Chief United States District Judge